```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/2/2011
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

BENJAMIN HOLMES,

                         Plaintiff,

   -against-

COMMISSIONER OF SOCIAL
SECURITY,

                         Defendant.

------------------------------------------------------------X

ORDER OF DISMISSAL

11 Civ. 162 (LAP)

LORETTA A. PRESKA, Chief United States District Judge:

By Order dated February 23, 2011, the Court held that the allegations of Plaintiff's Complaint, which appeared to seek retroactive payment of social security benefits dating back to 1980, were incoherent and failed to demonstrate that he had exhausted his administrative remedies. The Court granted Plaintiff leave to file an Amended Complaint. For the reasons set forth below, the Amended Complaint fails to state a claim on which relief can be granted and is dismissed.

## STANDARD OF REVIEW

The Court has the authority to screen *sua sponte* an *in forma pauperis* complaint at any time pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); see Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998). While the law authorizes dismissal on any of these grounds, district courts "remain obligated to construe a *pro se* complaint liberally." Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). Thus, *pro se* complaints should be read with "special solicitude" and should be interpreted to raise the "strongest [claims] that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474-75 (2d Cir. 2006) (citations omitted).

## BACKGROUND

In the Amended Complaint, Plaintiff alleges that he became disabled in 2005 following a mini-mitral valve replacement. Compl. at 1. He requested a hearing in March 2005, which resulted in an Administrative Law Judge's ("ALJ") denial of his claim on November 30, 2010. Id. at 2. The ALJ's decision was allegedly affirmed on July 25, 2010, months before he alleges that the decision issued. Plaintiff received the Appeals Council letter in 2009, even though he alleges that it did not issue until 2010. Id.

Plaintiff fails to annex a copy of the Appeals Council letter to the Complaint. Instead, he annexes a Social Security benefit information report from 2008, which states that he "is currently receiving SSI benefits on an application filed March 30, 2005." Id. at Ex. A.

## DISCUSSION

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief," and Rule 8(d)(1) requires that each allegation be "simple, concise, and direct." Even though the Court granted Plaintiff leave to amend to clarify his claims and identified the information to include in an Amended Complaint, the allegations of Plaintiff's Amended Complaint fail to satisfy Rule 8. The Court is unable to determine from the allegations of the Amended Complaint what decision of the Social Security Administration Plaintiff seeks to challenge or whether he has fully exhausted his administrative remedies and timely filed this action. Because the allegations of the Amended Complaint do not comply with Rule 8(a) or demonstrate exhaustion, the Amended Complaint must be dismissed.

## CONCLUSION

Plaintiff's Amended Complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) (ii).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED:

_____
LORETTA A. PRESKA
Chief United States District Judge

Dated: MAY 02 2011
New York, New York